IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ARQUINCY L. CARR,

        Plaintiff,

v.

MELINDA DERUS, RANDY SCOTT,
APRIL FUMOY, CHRIS BUESGEN,
and LIZZIE TEGELS,

        Defendants.

OPINION and ORDER

Case No. 16-cv-519-wmc

---

*Pro se* plaintiff ArQuincy L. Carr contends that prison staff at the Jackson Correctional Institution violated his constitutional rights in various ways. Because Carr is incarcerated, his complaint must be screened under 28 U.S.C. § 1915A. While Carr filed multiple exhibits and an amended complaint, most recently he filed a second amended complaint that he explains should be the operative pleading for purposes of screening. (Dkts. ##19, 20.) He has also filed a motion to strike the exhibits he previously submitted. (Dkt. #18.) These motions are granted, but after reviewing the second amended complaint, the court concludes that Carr may not proceed on any of his claims at this time. While several of his claims must be dismissed as meritless, Carr will be permitted to file a third amended complaint that clarifies his remaining claims. For the reasons discussed below, Carr's motion regarding ongoing retaliation (dkt. #11) will also be denied.

ALLEGATIONS OF FACT[1]

At all times relevant to his complaint, plaintiff ArQuincy Carr was confined at the Jackson Correctional Institution ("JCI"), where all of the named defendants are also employed.[2] Defendant Lizzie Tegels is the warden; Melinda Derus is a unit manager; Dunahay is a captain; and John Doe is a correctional officer.

A. **Complaint about Flies**

On or about September 23, 2015, plaintiff wrote to defendant Derus complaining about flies in the dorm area where he was housed. Derus allegedly ignored his request, so he filed an inmate complaint, which was unsuccessful. Defendant Tegels as warden also wrote to Carr, stating (1) she supported dismissal of his inmate complaint and (2) the best way to address the fly situation was to keep the doors closed.

B. **Access to Programming**

Unit Manager Derus is the facilitator of programming at JCI. Carr requested access to T4C, but Derus denied his request, informing Carr that he did not have a need for that program. Carr showed his social worker Derus's response, and his social worker informed Derus that Carr had a need for T4C, but Derus persisted in denying Carr entry. Carr again filed a complaint, but ICE dismissed it on the ground that his entry into programming was based on his estimated release date.

---

[1] In addressing any pro se litigant's complaint, the court must read the allegations generously. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972). For purposes of this order, the court assumes the facts above based on the allegations in Carr's second amended complaint.

[2] Carr has since been transferred to the Wisconsin Secure Program Facility ("WSPF") in Boscobel, Wisconsin.

C.   **Ramadan meals**

Carr is a Muslim and informed defendant Dunahay in writing that he was not receiving his Ramadan meals in a timely fashion. Carr explains that receiving the meals in a timely fashion is necessary to ensure that he can eat, wash, and brush his teeth prior to the mandated prayer time. Carr states that despite informing Dunahay of his need for a timely meal, defendant John Doe still brought the meals at the wrong time.

D.   **Transfer**

On July 28, 2015, Dunahay and Derus requested Carr's transfer from JCI to WSPF. Carr claims that this transfer was in retaliation for his grievances.


OPINION

Plaintiff seeks to bring constitutional claims against defendants based on his allegations concerning: (1) flies in the prison; (2) inability to access treatment programs; and (3) the timing of Ramadan meals. As discussed below, however, plaintiff may not proceed with his claims at this time for various reasons.

A.   **Flies**

With respect to his allegations about flies, plaintiff suggests that this allegation is sufficient to raise a claim under the Eighth Amendment for unconstitutional conditions of confinement. To state a claim under the Eighth Amendment regarding conditions of confinement, however, a plaintiff must allege facts supporting the court objectively finding "sufficiently serious" deprivations that he faced a "substantial risk of serious

harm" or was denied "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Additionally, the inmate must allege facts supporting a reasonable trier of fact subjectively finding that the prison official acted with the requisite, culpable state of mind, known as "deliberate indifference" -- that is, the official knew about a risk of harm, had the ability to prevent the harm, and failed to do so. *Mays v. Springborn*, 575 F.3d 643, 648 (7th Cir. 2009).

Plaintiff's allegations concerning both the flies fail to support an inference that he objectively faced a "substantial risk of serious harm" or that he was denied "the minimal civilized measure of life's necessities." In particular, although flies may be a nuisance, plaintiff has not alleged that there was any serious infestation, exposing him to a substantial risk of harm or presenting any specific health or safety risk. *Compare Sain v. Wood*, 512 F.3d 886, (7th Cir. 2008) (while unpleasant, allegation of cockroach infestation spanning six years, including being bitten twice, did not constitute a constitutional violation), *with White v. Monohan*, No. 08-2567, 326 Fed. Appx. 385, 388, 2009 WL 1034265, at *3 (7th Cir. Apr. 17, 2009) (reversing district court's dismissal of plaintiff's conditions of confinement claim where the plaintiff alleged that "for over five years the 'bugs, roaches, spiders, wasps, [and] bees' had bitten and stung him so often as to leave multiple scars, wounds, and sores, causing him internal injuries").

**B.     Retaliation and Free Exercise Claims**

Plaintiff's remaining claims concern his allegations that (1) he was denied access to treatment programs by defendants Derus and Tegels, and transferred by Derus and

4

Dunahay, both in retaliation for filing inmate complaints; and (2) Dunahay and Doe denied him timely Ramadan meals. Plaintiff cannot proceed on these claims, at least as currently pled.

*First*, plaintiff's allegations are insufficient to state retaliation claims against any of the defendants. To state a claim of retaliation, a pleading must contain three elements: (1) identify a constitutionally protected activity in which the plaintiff was engaged; (2) identify one or more retaliatory actions taken by the defendant that would deter a person of "ordinary firmness" from engaging in the protected activity in the future; and (3) allege sufficient facts that would make it plausible to infer that plaintiff's protected activity was one of the reasons defendants took the action they did against him. *Bridges v. Gilbert*, 557 F.3d 541, 556 (7th Cir. 2009) (citing *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008)).

Plaintiff's allegations satisfy the first element of such a claim by alleging that he filed grievances, a constitutionally protected activity. However, plaintiff's allegations with respect to the remaining two elements are less clear, both regarding his access to programming and his transfer. Plaintiff argues that he was denied access to programming overseen by Derus. At the same time, however, plaintiff has not alleged the requirements of the program and whether he was actually qualified to participate in the program. At this point, therefore, plaintiff's allegations regarding the availability of programming to inmates generally are simply too vague to determine whether plaintiff has met element 3 of a retaliation claim. Accordingly, before the court can further consider this retaliation claim, plaintiff must clarify (1) what programming he wished to receive and (2) why he

5

believes access was controlled by Derus personally and motivated by a desire to punish plaintiff's filing of grievances against Derus, rather than the result of a general policy based on his estimated release date. The same is true with respect to his transfer out of JCI. While the court accepts that his transfer occurred after he filed his grievances, plaintiff has not alleged any facts suggesting that Dunahay or Derus decided to transfer him *because of* his grievances.

With respect to plaintiff's First Amendment claim, in the prison context, to establish a Free Exercise violation, plaintiffs must demonstrate that he has a sincere religious belief and that defendants' "placed a substantial burden on his religious practices." *Thompson v. Holm*, 809 F.3d 376, 379 (7th Cir. 2016). Once plaintiff makes that showing, he also must show that the burden on his right is "not reasonably related to a legitimate penological interest." *Id.* (citing *Turner v. Safley*, 482 U.S. 78, 89–91, 107 S. Ct. 2254, 96 L.Ed.2d 64 (1987)).

Here, plaintiff adequately alleges that he is a practicing Muslim and desired to observe Ramadan by eating at a prescribed time of day. However, while plaintiff claims that Dunahay and Doe were involving in failing to provide him his meals in a timely fashion, his allegations are too vague to permit an inference that Dunahay actually failed to take steps to meet his requested time. On the flip side, as to Doe's involvement, plaintiff has not alleged that Doe actually knew that Carr needed to receive his Ramadan meals at a specified time. Accordingly, while plaintiff may amend his complaint to provide the necessary details about Dunahay's and Doe's involvement, Carr may not proceed on this claim as currently pled.

6

*Second*, even assuming plaintiff is able to bolster his retaliation and free exercise claims with allegations sufficient to meet the required elements, he may not be able to proceed with both his retaliation and First Amendment claims in the same lawsuit. Under Federal Rule of Civil Procedure 20, a plaintiff cannot bring unrelated claims against different defendants or sets of defendants in the same lawsuit. More specifically, this means that multiple defendants may not be joined in a single action unless the plaintiff: (1) asserts at least one claim to relief against each defendant arising out of the same transaction or occurrence or series of transactions or occurrences; *and* (2) presents questions of law or fact common to all. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

While plaintiff's two claims involve one common defendant -- Dunahay -- plaintiff's claims against Dunahay appear dubious at best. When a *pro se* plaintiff's complaint violates Rule 20, this court frequently directs the plaintiff to choose which of the separate lawsuits he or she wishes to pursue. In this case, however, requiring plaintiff to choose between his retaliation claim and his First Amendment claim would be premature because he has not actually pleaded any viable claim. Accordingly, the next step in this case is for plaintiff to file a third amended complaint that *either* provides more specific facts regarding Dunahay's involvement in both of these claims *or* seeks leave to proceed on a retaliation claim or a First Amendment claim. If plaintiff concludes that Dunahay is not sufficiently tied to both of his claims, plaintiff should not include both claims in his amended complaint, and instead he must file a separate lawsuit concerning whichever claim he does not choose to pursue in this lawsuit. If he chooses to pursue

both claims, he will owe an additional filing fee. Once the court receives proposed third amended complaint from plaintiff, the court will screen his complaint as required under 28 U.S.C. § 1915A.

ORDER

IT IS ORDERED that:

1. Plaintiff ArQuincy L. Carr's claim regarding flies is DISMISSED for failure to state a claim upon which relief may be granted.

2. Plaintiff may have until June 29, 2018, to file a proposed third amended complaint that clarifies his retaliation and First Amendment claims and complies with the directions set forth in this order.

Entered this 15th day of June, 2018.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge